**Nake SINGH, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 02–72811.

Agency No. A72–111–112.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 5, 2003.

Decided Dec. 10, 2003.

Elias Z. Shamieh, Shamieh and Shamiyeh, Amos Lawrence, Esq., Attorney at Law, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, San Francisco, CA, Jennifer A. Parker, Anthony W. Norwood, David Dauenheimer, Trial Attorney, Washington, DC, for Respondent.

Before TASHIMA, THOMAS, and SILVERMAN, Circuit Judges.

MEMORANDUM *

Nake Singh, a native and citizen of India, petitions for review of an order of the Board of Immigration Appeals summarily affirming without opinion the decision of the Immigration Judge ("IJ"). The IJ

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

found that Singh was not credible and therefore denied Singh's application for asylum and for withholding of deportation, but granted Singh voluntary departure. Because deportation proceedings were commenced against Singh prior to April 1, 1997, and the final order of deportation was entered after October 30, 1996, we have jurisdiction over the petition pursuant to 8 U.S.C. § 1105a, as amended by § 309(c)(4) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996. *Chand v. INS*, 222 F.3d 1066, 1073 (9th Cir.2000).

We acknowledge that this is a close case and that several of the bases on which the IJ relied to reject Singh's testimony were not legitimate.[1] However, Singh's testimony regarding material aspects of his claim, such as his understanding and beliefs of the All India Sikh Student Federation, Khalistan, and his medical treatment, was unclear. We therefore conclude that the IJ's adverse credibility determination was supported by substantial evidence. *See Manimbao v. Ashcroft*, 329 F.3d 655, 658 (9th Cir.2003) (stating that an adverse credibility determination is reviewed for substantial evidence). We accordingly must deny Singh's petition. *See Kataria v. INS*, 232 F.3d 1107, 1112 (9th Cir.2000) (describing the substantial evidence standard as requiring an asylum applicant to show that "the evidence not only supports, but compels the conclusion that the asylum decision was incorrect").

The petition for review is

**DENIED.**

---

1. Because the parties are familiar with the facts, we do not recite them here.

